UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WADLEY PIERRE, )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>REAL DEAL, LLC, MEN IN BLACK, LLC, and )<br>ERIC J. BATTITE, )<br>)<br>*Defendants* )<br>_____) | CIVIL ACTION NO. |

## **COMPLAINT AND JURY DEMAND**

### **Introduction**

1. This is an action for declaratory relief and monetary damages brought by a former prep cook of the defendant restaurants based on the defendants to pay plaintiff for overtime work as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"). In addition to reimbursement of wages not paid, Plaintiff is seeking liquidated damages under the FLSA, reasonable attorney's fees, interest and costs.

2. Plaintiff Wadley Pierre brings this action to recover for unpaid overtime wages for work he performed as a prep cook for the defendants from January 8, 2007 through September 11, 2008 at the Real Deal Deli, located at 1882 Centre Street, West Roxbury, Massachusetts, and the Real Deal Deli, located at 736 Centre Street, Jamaica Plain, Massachusetts.

3. Plaintiff is an individual who resides in West Roxbury, Suffolk County, Massachusetts.

4. Defendant Real Deal, LLC is a Massachusetts Limited Liability Company with a principal place of business of 1882 Centre Street, West Roxbury, Suffolk County, Massachusetts. Upon information and belief, it owns and operates the Real Deal Deli located at 1882 Centre Street, West Roxbury and, perhaps, owns and operates the Real Deal Deli located at that location.

5. Defendant Men in Black, LLC is a Massachusetts Limited Liability Company with a principal place of business of 736 Centre Street, Jamaica Plain, Suffolk County, Massachusetts. Upon information and belief, it owns and operates the Real Deal Deli located at that location.

6. Defendant Eric J. Battite is an individual residing in Chestnut Hill, Massachusetts. Upon information and belief, he is the principal owner and officer of both Real Deal, LLC and Men in Black, LLC. Upon information and belief, he and/or Real Deal, LLC was Plaintiff's employer during the period when Plaintiff worked at the Real Deal Deli in West Roxbury and he and/or Men in Black, LLC was Plaintiff's employer during the period when Plaintiff worked at the Real Deal Deli in Jamaica Plain. At all times relevant, he has acted as an agent and officer of both Real Deal Deli, LLC and Men in Black, LLC.

## Jurisdiction and Venue

7. Jurisdiction is based on this court's federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper under 28 U.S.C. § 1391(b).

## Facts

9. Plaintiff began working for the Real Deal Deli in West Roxbury on January 8, 2007 as a main prep cook.

10. From January 8, 2007 until the beginning of June, 2008, Plaintiff worked in the West Roxbury location. During this time, Battite would personally pay him every week in cash.

11. During the time Plaintiff worked in West Roxbury, his employer was Battite and/or Real Deal, LLC.

12. When Plaintiff was hired, Battite agreed to pay him $13.00 per hour. Pierre worked 14.5 hours per day, five days a week, Tuesday through Saturday, from 8:00 a.m. until 10:30 p.m. This totaled 72.5 hours per week. While Battite agreed to pay him $13.00 an hour, Battite only paid him $12.00 an hour, telling Plaintiff he was being paid less as Battite was paying him in cash.

13. During this period, despite Plaintiff consistently working more than 40 hours every week, the Defendants only paid him $12.00 per hour for the hours he worked overtime.

14. The Defendants never issued Plaintiff a pay stub until about June 2008 when Plaintiff went on payroll.

15. In May 2008, with the planned opening of the Real Deal in Jamaica Plain, Plaintiff worked extra hours. In addition to his usual schedule of 72.5 hours per week, for four weeks, Plaintiff worked 11 hours every Sunday.

3

16. In late May or early June 2008, Plaintiff was put on the Real Deal payroll, being paid by and working for Men in Black, LLC. He continued to work 72.5 hours per week. However, defendant Men in Black, LLC only paid him through payroll for 20 hours every week and paid the balance either by paying Pierre's wife or by Batitte paying Pierre in cash. In total, Plaintiff was paid $12.00 per hour for each hour worked, including those hours over 40 hours in a work week.

17. On September 11, 2008, Plaintiff complained to Battite about his wages and his not being paid time-and-a-half for overtime. Battite terminated Plaintiff immediately.

18. From late May or early June 2008 until September 11, 2008, Plaintiff's employer was Men in Black, LLC and/or Battite.

19. Plaintiff was not paid his last paycheck, only being paid through September 5, 2008. He worked 34 hours during the last pay period prior to his termination that he was not paid for.

20. On May 13, 2009, Pierre demanded that the Defendants provide him access to his employment records and the Defendants have failed to respond.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207
## UNDERPAYMENT OF OVERTIME DUE

21. Plaintiff restates and incorporates the allegations stated above.

22. Plaintiff is a "covered employee" within the meaning of the FLSA.

23. The Defendants constitute a "covered employer" within the meaning of the FLSA and, in owning and operating the two Real Deal Delis, constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

24. Under § 207 of the FLSA, any covered employee who works for an employer more than 40 hours in a work week must be paid one-and-a-half times his regular rate of pay for those hours over 40 hours.

25. The Defendants willfully violated the FLSA by failing to pay Plaintiff one-and-a-half times his regular rate of pay for each hour he worked over 40 hours in a work week.

26. Plaintiff has been harmed, injured and damages as a result of the Defendants' violations of the FLSA.

## COUNT II
## VIOLATION OF 29 U.S.C. § 211
## FAILURE TO MAINTAIN RECORDS

27. Plaintiff restates and incorporates the allegations stated above.

28. The Defendants have violated the FLSA by failing to keep records required by the FLSA and its regulations and by failing to provide such records to Plaintiff upon demand.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

    a. declare the acts complained of herein are in violation of the FLSA;

    b. award Plaintiff all unpaid overtime compensation, plus an equal amount as liquidated damages, plus costs and attorneys fees as provided by the FLSA;

    c. direct the Defendants to take such affirmative steps as are necessary to ensure that these unlawful employment practices are eliminated;

    d. enjoin and permanently restrain these violations of the FLSA; and

    e. grant such other and further relief as the Court deems appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

WADLEY PIERRE,
By his attorney,

*/s/ William T. Harrington*
William T. Harrington
Harrington & Harrington
171 Milk Street, 2nd Floor
Boston, MA 02109
(617) 426-7400
wth@harringtonharrington.com
BBO No 564445

Dated: May 22, 2009