UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WADLEY PIERRE,<br><br>*Plaintiff*<br><br>v.<br>REAL DEAL, LLC, MEN IN<br>BLACK, LLC, and ERIC J. BATTITE,<br><br>*Defendants* | CIVIL ACTION NO. 09-CV-10863-NMG |

## AMENDED COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. This is an action for declaratory relief and monetary damages brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and Massachusetts General Laws, c. 149, §§ 148, 148A and 150, for the recovery of unpaid wages and overtime pay, as well as liquidated damages under the FLSA, treble damages pursuant to M.G.L. c. 149, § 150, reasonable attorney's fees, interest and costs.

2. Plaintiff Wadley Pierre brings this action to recover for unpaid wages and overtime wages for work he performed as a prep cook for the defendants from January 8, 2007 through September 11, 2008 at the two affiliated restaurants, the Real Deal Deli, located at 1882 Centre Street, West Roxbury, Massachusetts, and the Real Deal Deli, located at 736 Centre Street, Jamaica Plain, Massachusetts. Plaintiff is also seeking recovery of damages resulting from his retaliatory discharge on September 11, 2008 when he complained to the Defendants about their failure to pay him such wages.

3. Plaintiff is an individual who resides in West Roxbury, Suffolk County, Massachusetts.

4. Defendant Real Deal, LLC is a Massachusetts Limited Liability Company with a principal place of business of 1882 Centre Street, West Roxbury, Suffolk County, Massachusetts. Upon information and belief, it owns and operates the Real Deal Deli located at that location.

5. Defendant Men in Black, LLC is a Massachusetts Limited Liability Company with a principal place of business of 736 Centre Street, Jamaica Plain, Suffolk County, Massachusetts. Upon information and belief, it owns and operates the Real Deal Deli located at that location.

6. Defendant Eric J. Battite is an individual residing in Chestnut Hill, Massachusetts. Upon information and belief, he is the principal owner and officer of both Real Deal, LLC and Men in Black, LLC. Upon information and belief, he and/or Real Deal, LLC was Plaintiff's employer during the period when Plaintiff worked at the Real Deal Deli in West Roxbury and he and/or Men in Black, LLC was Plaintiff's employer during the period when Plaintiff worked at the Real Deal Deli in Jamaica Plain. At all times relevant, he has acted as an agent and officer of both Real Deal Deli, LLC and Men in Black, LLC.

## JURISDICTION AND VENUE

7. Jurisdiction is based on this court's federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and its supplemental jurisdiction under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b).

## FACTS

9. Plaintiff began working for the Real Deal Deli in West Roxbury on January 8, 2007 as a main prep cook.

10. From January 8, 2007 until the beginning of June, 2008, Plaintiff worked in the West Roxbury location. During this time, Battite would personally pay him every week in cash.

11.     During the time Plaintiff worked in West Roxbury, his employer was Battite and/or Real Deal, LLC.

12.     When Plaintiff was hired, Battite agreed to pay him $13.00 per hour. Pierre worked 14.5 hours per day, five days a week, Tuesday through Saturday, from 8:00 a.m. until 10:30 p.m. This totaled 72.5 hours per week. While Battite agreed to pay him $13.00 an hour, Battite only paid him $12.00 an hour, telling Plaintiff he was being paid less as Battite was paying him in cash.

13.     During this period, despite Plaintiff consistently working more than 40 hours every week, the Defendants only paid him $12.00 per hour for the hours he worked overtime.

14.     The Defendants never issued Plaintiff a pay stub until about June 2008 when Plaintiff went on payroll.

15.     In May 2008, with the planned opening of the Real Deal in Jamaica Plain, Plaintiff worked extra hours. In addition to his usual schedule of 72.5 hours per week, for four weeks, Plaintiff worked 11 hours every Sunday.

16.     In late May or early June 2008, Plaintiff was put on the Real Deal payroll, being paid by and working for Men in Black, LLC. He continued to work 72.5 hours per week. However, defendant Men in Black, LLC only paid him through payroll for 20 hours every week and paid the balance either by paying Pierre's wife or by Batitte paying Pierre in cash. In total, Plaintiff was paid $12.00 per hour for each hour worked, including those hours over 40 hours in a work week.

17.     On September 11, 2008, Plaintiff complained to Battite about his wages and his not being paid time-and-a-half for overtime. Battite terminated Plaintiff immediately.

18. From late May or early June 2008 until September 11, 2008, Plaintiff's employer was Men in Black, LLC and/or Battite.

19. Plaintiff was not paid his last paycheck, only being paid through September 5, 2008. He worked 34 hours during the last pay period prior to his termination that he was not paid for.

20. On or about May 13, 2009, Pierre demanded that the Defendants provide him access to his employment records and the Defendants have failed to respond.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207
## UNDERPAYMENT OF OVERTIME DUE

21. Plaintiff restates and incorporates the allegations stated above.

22. Plaintiff is a "covered employee" within the meaning of the FLSA.

23. The Defendants constitute a "covered employer" within the meaning of the FLSA and, in owning and operating the two Real Deal Delis, constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

24. Under § 207 of the FLSA, any covered employee who works for an employer more than 40 hours in a work week must be paid one-and-a-half times his regular rate of pay for those hours over 40 hours.

25. The Defendants willfully violated the FLSA by failing to pay Plaintiff one-and-a-half times his regular rate of pay for each hour he worked over 40 hours in a work week.

26. Plaintiff has been harmed, injured and damages as a result of the Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that this Court declare the acts complained of herein are in violation of the FLSA; award Plaintiff all unpaid overtime compensation, an equal amount as

liquidated damages, plus costs and attorneys fees as provided by the FLSA, plus pre-judgment interest; as well as direct the Defendants to take such affirmative steps as are necessary to ensure that these unlawful employment practices are eliminated; enjoin and permanently restrain these violations of the FLSA; and grant such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF 29 U.S.C. § 211
## FAILURE TO MAINTAIN RECORDS

27. Plaintiff restates and incorporates the allegations stated above.

28. The Defendants have violated the FLSA by failing to keep records required by the FLSA and its regulations and by failing to provide such records to Plaintiff upon demand.

WHEREFORE, Plaintiff prays that this Court declare the acts complained of herein are in violation of the FLSA; as well as direct the Defendants to take such affirmative steps as are necessary to ensure that these unlawful employment practices are eliminated; enjoin and permanently restrain these violations of the FLSA; and grant such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF WAGE ACT, M.G.L. c. 149, § 148
## FAILURE TO PAY AGREED UPON BASE RATE

29. Plaintiff restates and incorporates the allegations stated above.

30. Plaintiff has satisfied all prerequisites to suit under M.G.L. c. 149, § 148. *See Exhibit A, Attorney General's Right to Sue, dated June 1, 2009.*

31. Each Defendant was an "employer" of the Plaintiff's within the meaning of G.L. c. 149, § 148.

32. The Defendants have not paid the Plaintiff the wages due and owing him as required by G.L. c. 149, § 148.

33. Specifically, the Defendants agreed to pay Plaintiff at the base rate of $13.00 for each hour worked. However, because the Defendants customarily paid Plaintiff in cash, Defendants only paid him $12.00 for each hour worked.

34. By failing to pay Plaintiff at the rate of his agreed upon hourly rate, Defendants have failed to pay Plaintiff all wages due and owing him and have violated M.G.L. c. 149, § 148.

35. Pursuant to M.G.L. c. 149, § 150, Defendants are liable to Plaintiff in the amount of three times the amount of such wages owed to the Plaintiff and other damages, plus costs and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against each Defendant in the amount of three times the amount of such wages and damages resulting from Defendants' failure to pay, and Plaintiff's attorney fees and costs, as well as prejudgment interest.

## COUNT IV
## VIOLATION OF WAGE ACT, M.G.L. c. 149, § 148
## UNDERPAYMENT OF OVERTIME

36. Plaintiff repeats all previous allegations as though set forth herein.

37. Plaintiff has satisfied all prerequisites to suit under M.G.L. c. 149, § 148. *See Exhibit A, Attorney General's Right to Sue, dated June 1, 2009.*

38. Each Defendant was an "employer" of the Plaintiff's within the meaning of G.L. c. 149, § 148.

39. The Defendants have not paid the Plaintiff the wages due and owing him within the time specified by G.L. c. 149, § 148.

40. Specifically, the Defendants were required to pay Plaintiff, for each hour Plaintiff worked over 40 hours in a work week, one-and-one-half time his base rate of $13.00 per hour,

i.e., $19.50 per overtime hour. Instead, Defendants only paid Plaintiff $12.00 per overtime hour worked.

41. In addition to shortchanging Plaintiff $1.00 for each hour of overtime worked, as described in the previous count, Defendants failed to pay Plaintiff an additional $6.50 for each overtime hour worked.

42. By failing to pay Plaintiff an addition $6.50 for each hour worked over 40 hours in a week, Defendants have failed to pay Plaintiff all wages due and owing him and have violated M.G.L. c. 149, § 148.

43. Pursuant to M.G.L. c. 149, § 150, Defendants are liable to Plaintiff in the amount of three times the amount of such wages owed to the Plaintiff and other damages, plus costs and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against each Defendant in the amount of three times the amount of such wages and damages resulting from Defendants' failure to pay, and Plaintiff's attorney fees and costs, as well as prejudgment interest.

## COUNT V
## VIOLATION OF WAGE ACT, M.G.L. c. 149, § 148
## FAILURE TO PAY LAST WEEK OF WAGES

44. Plaintiff repeats all previous allegations as though set forth herein.

45. Plaintiff has satisfied all prerequisites to suit under M.G.L. c. 149, § 148. *See Exhibit A, Attorney General's Right to Sue, dated June 1, 2009.*

46. Each Defendant was an "employer" of the Plaintiff's within the meaning of G.L. c. 149, § 148.

47. The Defendants have not paid the Plaintiff the wages due and owing him within the time specified by G.L. c. 149, § 148.

48. Specifically, last payment was for work through September 5, 2008. From that date through the date he was terminated, September 11, 2008, Plaintiff worked 34 hours. Defendants failed to pay Plaintiff any money for such work. Defendants should have paid Plaintiff $13.00 per hour for such work, or $442.00.

49. By failing to pay Plaintiff for the 34 hours he worked September 6 through September 11, 2008, Defendants have failed to pay Plaintiff all wages due and owing him, have violated M.G.L. c. 149, § 148.

WHEREFORE, Plaintiff demands judgment against each Defendant in the amount of three times the amount of such wages, all damages resulting from Defendants' failure to pay, and Plaintiff's attorney fees and costs, as well as prejudgment interest.

## COUNT VI
## VIOLATION OF M.G.L. c. 149, § 148A
## RETALIATION FOR ASSERTING RIGHTS UNDER WAGE ACT

50. Plaintiff repeats all previous allegations as though set forth herein.

51. Plaintiff has satisfied all prerequisites to suit under M.G.L. c. 149, § 148. *See Exhibit A, Attorney General's Right to Sue, dated June 1, 2009.*

52. Each Defendant was an "employer" of the Plaintiff's within the meaning of G.L. c. 149, § 148.

53. Pursuant to G.L. c. 149, § 148A, an "employer" within the meaning of M.G.L. c. 149, § 148 is prohibited from retaliating against or penalizing Plaintiff in any way for his pursuing his rights under G.L. c. 149, §§ 148 and 150.

54. On September 11, 2008, Plaintiff complained to Defendants (in the person of Eric Battitte) that he should be paid his agreed rate of pay and time and a half for overtime.

55. In response, Defendants promptly terminated Plaintiff's employment.

56. By terminating Plaintiff's employment, the Defendants have violated M.G.L. c. 149, § 148A, causing Plaintiff harm.

57. Pursuant to M.G.L. c. 149, § 150, Defendants are liable to Plaintiff in the amount of three times the amount of all damages suffered by Plaintiff as a result of such retaliatory termination, plus costs and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against each Defendant in the amount of three times the amount of such damages resulting from Defendants' retaliatory discharge, plus Plaintiff's reasonable attorney fees and costs, as well as prejudgment interest.

## COUNT VII
## VIOLATION OF M.G.L. c. 151, § 15
## FAILURE TO MAINTAIN RECORDS

58. Plaintiff restates and incorporates the allegations stated above.

59. Both M.G.L. c. 151, § 15 and 455 CMR 2.06(2) require each employer in Massachusetts to maintain true and accurate records of the identity of each employee, the amount paid each pay period to each employee, and the hours worked each day and week by each employee and must keep such records for a period of at least two years and must permit each employer to inspect such records pertaining to such employee.

60. The Defendants have failed to keep the required records and have failed to provide Plaintiff with access to such records upon request.

61. Under G.L. c. 151, § 19(3) and G.L. c. 149, § 150, any employer and any officer thereof who fails to so maintain such records maintain true and accurate records and who fails to provide access to such records upon request is liable to the employee for treble damages, costs, and reasonable attorney's fees.

WHEREFORE, Plaintiff requests that this Court declare the acts complained of herein are in violation of such requirements, and demands judgment enter against each defendant in the amount of three times the amount of any damages resulting from Defendants' failure to maintain such records and failure to allow inspection, plus award him reasonable attorney fees and costs, as well as prejudgment interest.

## JURY DEMAND

The Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

WADLEY PIERRE,
By his attorney,

*/s/ William T. Harrington*
William T. Harrington
Harrington & Harrington
171 Milk Street, 2nd Floor
Boston, MA 02109
(617) 426-7400
wth@harringtonharrington.com
BBO No 564445

Dated: June 5, 2009